# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3212-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARVIN SHERWOOD,

    Defendant-Appellant.

_____

Submitted June 7, 2022 – Decided August 9, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 10-11-2711.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

William Reynolds, Acting Atlantic County Prosecutor, attorney for respondent (Alyssa M. Gilboy, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marvin Sherwood appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, he presents the following arguments:

> POINT I
>
> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM COUNSEL.
>
> > A. Counsel was Ineffective for Failing to Request an Accomplice Liability Charge.
> >
> > B. Counsel was Ineffective for Failing to File a Motion to Suppress and for Failing to Object to Numerous Trial Errors.
>
> POINT II
>
> THE PCR JUDGE ERRED IN FINDING THAT THIS PETITION FOR POST-CONVICTION RELIEF WAS TIME BARRED.

Having reviewed the record considering the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the PCR judge in her written decision.

A-3212-20

I

The procedural history and trial evidence are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. Sherwood, No. A-3097-12 (App. Div. Dec. 16, 2015), and in the PCR judge's written decision issued April 13, 2021. A brief summary of the relevant facts and proceedings will suffice here.

In the early morning hours of August 3, 2010, a male assailant entered the Atlantic County home of an eighty-nine-year-old woman, who lived alone. The assailant sexually assaulted the victim twice; threatened to kill her with a knife; and stole her cell phone, jewelry, and wallet. Before leaving the house, the assailant attempted to clean the evidence of his crimes. However, the ensuing police investigation discovered DNA evidence in the victim's home and on objects—including a knife—found in a trashcan a few blocks from the victim's home linking defendant as the assailant. Following his arrest and after being given Miranda[1] warnings, defendant gave a statement admitting that he entered the victim's home but did so only with the intent to commit a theft. He claimed he was accompanied by an Atlantic City man he identified only as "Streets," but left him at the victim's house when Streets became violent with her. He stated

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

3                                                          A-3212-20

he did not witness any sexual assaults. Defendant's trial testimony differed from his statement. He told the jury that he did not witness any physical violence against the victim. He also testified that Streets wielded the knife to frighten the victim, and defendant accidentally cut his hand on the knife.

The State presented evidence that Justin Street, the man defendant identified in a photograph as his accomplice, lived in Essex County and was five feet, five inches tall, significantly shorter than the man the victim described as her lone six-foot-tall attacker. Also contradicting defendant's claim of a second assailant, the State's expert opined that the only footprints police found at the scene matched defendant's shoes, and a police canine found the scent of only one person leading away from the victim's house. Despite the State's evidence, the trial judge granted defendant's request and instructed the jury regarding third-party guilt—the claim that Streets attacked and sexually assaulted the victim. An accomplice liability charge was not requested by either party.

The jury rejected defendant's defense, finding him guilty of all fifteen charges: second-degree armed burglary, N.J.S.A. 2C:18-2; second-degree bodily injury burglary, N.J.S.A. 2C:18-2; first-degree armed robbery, N.J.S.A. 2C:15-1; first-degree aggravated sexual assault during a burglary, N.J.S.A. 2C:14-2(a); first-degree aggravated sexual assault with a weapon, N.J.S.A.

2C:14-2(a); first-degree aggravated sexual assault of a physically helpless person, N.J.S.A. 2C:14-2(a); second-degree attempt to commit sexual penetration, N.J.S.A. 2C:5-1 and 2C:14-2(a); second-degree attempt to commit sexual penetration while armed, N.J.S.A. 2C:5-1 and 2C:14-2(a); second-degree attempt to commit sexual penetration of a physically helpless person, N.J.S.A. 2C:5-1 and 2C:14-2(a); third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); third-degree significant bodily injury aggravated assault, N.J.S.A. 2C:12-1(b)(7); third-degree terroristic threat, N.J.S.A. 2C:12-3(b); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1); fourth-degree unlawful possession of a weapon, a knife, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon, a knife, for an unlawful purpose, N.J.S.A. 2C:39-4(d). Upon defendant's waiver of a jury, the court found defendant guilty of fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7.

On September 27, 2012, defendant's judgment of conviction was entered sentencing him to an aggregate sentence of fifty-seven years with forty-two-and-a-half-years of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, and requiring his compliance with Megan's Law, N.J.S.A. 2C:7-2, and parole supervision for life.

On defendant's direct appeal, we "reject[ed] [his] argument that it was plain error [by the trial court] not to deliver, sua sponte, an accomplice liability [jury] instruction." Sherwood, slip op. at 16. As for defendant's challenge to his sentence, we "discern[ed] no error in the court's decision to impose consecutive sentences," nor was there "error in the court's imposition of maximum terms for the most serious crimes of which defendant was convicted." Id. at 19.

After our Supreme Court denied defendant's petition for certification, State v. Sherwood, 230 N.J. 527 (2017), defendant filed a pro se PCR petition on December 18, 2017. PCR counsel was subsequently appointed to represent defendant. The petition contended trial counsel was ineffective because:

> (1) she failed to seek an accomplice liability charge; (2) . . . seek suppression of the knife based on chain of custody; (3) . . . object to the presentation of the footprint expert's qualifications; (4) . . . object to the State's use of Power Point presentations [that included the word "GUILTY" during the State's summation]; and (5) . . . ask the court to voir dire or excuse a crying juror.

After hearing argument, the PCR judge issued a written decision denying defendant's petition without an evidentiary hearing and memorialized his ruling in a confirming order. Despite acknowledging that based on the five-year limitation period to file a PCR petition under Rule 3:22-12(a)(1), and finding

defendant's filing was about three months late, the PCR judge determined it was appropriate to relax the application of the rule pursuant to Rule 1:1-2 based on the interests of justice. Applying the well-recognized two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), the judge found that none of defendant's evidence established a prima facie case of ineffective assistance of counsel.

In this appeal, defendant renews the same ineffective assistance claims raised before the PCR judge, contending she erred in denying him relief. We address these contentions in turn.

Accomplice Liability Jury Charge

Contrary to defendant's contention, there was no clear error capable of producing an unjust result when counsel did not request an accomplice liability charge. Under Rule 3:22-5, PCR claims that are "identical or substantially equivalent" to claims addressed on direct appeal, are procedurally barred. State v. Marshall, 173 N.J. 343, 351 (2002); see also State v. Goodwin 173 N.J. 583, 593 (2002) ("defendant may not employ post-conviction relief . . . to relitigate a claim already decided on the merits . . . .").

On direct appeal, we held that an accomplice liability charge was unwarranted given "the utter lack of evidence that there was a second participant," thus "the omission of the charge was harmless beyond a reasonable doubt." Sherwood, slip op. at 15. In addition, we pointed out "the court's third-party guilt charge acknowledged that 'evidence has been introduced that a person other than the defendant committed the crimes charged'" and "[t]he court instructed the jurors that if they had reasonable doubt that defendant committed the crimes charged, they should find him not guilty." Id. at 16. Hence, the PCR judge correctly determined this court's direct appeal ruling regarding the lack of an accomplice liability charge dictates that the contention in defendant's petition is procedurally barred.

### Suppression of the Knife Based on Chain of Custody

There is no dispute that counsel did not formally move to suppress the knife. However, the trial court held a Rule 104 hearing regarding the chain of custody for the knife and determined the knife was admissible trial evidence. The judge noted that counsel attempted to prevent evidence relating to the knife, along with other evidence, once she received the police report just prior to trial. Counsel objected to the report as "'attempting to tie up loose ends' with regard to the chain of custody and asserted the State's last production of discovery

8

'extremely prejudice[d]' [defendant]." Thus, the PCR judge correctly reasoned, "the relief sought by trial counsel—preclusion of the evidence from the State's case—was the functional equivalent." Moreover, given the other overwhelming evidence against him, defendant has not shown that a different outcome would have occurred had the knife been excluded as evidence.

Objection to the Footprint Expert's Qualifications

Defendant argues that trial counsel's failure to object to the qualification of the State's witness "as an expert in 'forensics and other matters' permitted the State to improperly 'bolster the credibility of the witness with irrelevant expertise.'" We disagree.

The record shows that trial counsel not only objected to the State's expert but also to the footprint analysis offered by the witness by attempting to suppress the analysis due to the State's late production of the opinion. The trial court rejected the contention because the State's decision to present the expert was to rebut defendant's claim that it was Streets who physically and sexually brutalized the victim. The court permitted the expert to testify in his "field of forensic science and criminalistics with respect to footprint analysis."

We discern no reason to upset the PCR judge's finding that because the expert's testimony was restricted to his training and experience involving

footprint identification qualifications, he was competent to testify and there was no showing that defendant was prejudiced by counsel's decision not to object to the expert's qualifications.

Thus, the PCR judge did not find that trial counsel's position on the expert's qualifications "failed to meet the standard of 'reasonable competence,'" nor could the judge find that defendant "was prejudiced by trial counsel's performance in this regard." We agree with the judge.

Object to the State's "Guilty" PowerPoint Presentation

Defendant contends trial counsel was ineffective for failing to review the PowerPoint presentation used by the State in its summation and failing to object "to the final slide, which repeatedly 'flashed the word GUILTY . . . in large white letters.'" Citing State v. Rivera, 437 N.J. Super 434 (App. Div. 2014), defendant maintains this was improper because it was a nonevidential personal opinion of the prosecutor meant to "inflame the jury." We disagree.

First, as the PCR judge recognized, our Supreme Court "declined to adopt a rule requiring the State to provide criminal defendants with copies of its PowerPoint presentations before openings and closings." State v. Williams, 244 N.J. 592, 616-17 (2021). Second, the judge found that because the word "GUILTY" in the presentation reflected the State's position based upon its view

of the evidence, it did not have an improper prejudicial effect on the jury. According to the judge, the PowerPoint presentation was no different than the prosecutor verbally stating in summation the defendant was "guilty." We conclude her analysis was sound and there is no basis to disturb the judge's finding.

Object to Voir Dire or Excuse a Crying Juror

Defendant contends trial counsel was ineffective for her failure to ask the trial court to question the juror counsel believed was upset and cried during the State's opening statements. We agree with the PCR judge that defendant failed to show counsel was ineffective because the record clearly shows that counsel expressed her concern about the juror to the trial court. Neither the trial court nor the State saw the juror cry. After hearing the State's objection to questioning the juror, the trial court decided not to do so at the time but stated he would revisit the situation if the juror appeared to be distraught. Apparently. there was no further concerns because neither the court nor the parties observed any juror becoming emotional thereafter. The PCR judge further noted that defendant failed to demonstrate any prejudice caused by counsel's action or inaction. There is no basis to disturb the judge's finding.

A-3212-20

Because defendant failed to set forth a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.  See State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent we have not discussed any other arguments raised by defendants lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3212-20